UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
DAVID NEWTON,                        :
                    Petitioner,      :
                                     :        02 cr 476 (KTD)
          -against-                  :
                                     :     **OPINION AND ORDER**
UNITED STATES OF AMERICA,            :
                                     :
                    Respondent.      :
                                     :
------------------------------------ X

**KEVIN THOMAS DUFFY, U.S.D.J.:**


     By motion dated December 3, 2013, Defendant David Newton,
proceeding pro se, moves for a sentence reduction pursuant to 18
U.S.C. § 3582(c)(2) in light of the amendments to the United
States Sentencing Guidelines for offenses involving crack
cocaine.  These amendments reduced the base offense level for
certain crack-cocaine offenses.  For the reasons set forth
below, Newton's motion is DENIED.

     On November 13, 2002, Defendant pleaded guilty to: (i)
conspiracy to distribute and possess with intent to distribute
cocaine base, in violation of 21 U.S.C. §§ 812, 846, 841(a)(1)
and 841(b)(1)(A); and (ii) distributing and possessing with
intent to distribute cocaine base, in violation of 21 U.S.C
812,841(a)(1) and 841(b)(1)(B).  The Probation Department
established that Newton's applicable offense level was 34 and

his Criminal History Category was IV.  (PSR ¶ 30).  As such,
Newtown qualified for a sentencing enhancement as a Career
Offender.  Under § 4B1.1 of the Sentencing Guidelines, "[a]
defendant is a career if (1) the defendant was at least eighteen
years old at the time the defendant committed the instant
offense of conviction; (2) the instant offense of conviction is
a felony that is either a crime of violence or a controlled
substance offense; and (3) the defendant has at least two prior
felony convictions of either a crime of violence or a controlled
substance." U.S.S.G. § 4B1.1.  Prior to pleading guilty in this
case, the defendant had five prior felony convictions for crimes
of violence and the instant offense involved a controlled
substance.  (PSR ¶ 28).  As such, Newton easily qualified as a
career offender and his sentencing guidelines range was
increased accordingly.  The applicable range for Newton's
offense was 262 to 327 months.  On February 18, 2003, this Court
sentenced the defendant to 262 months imprisonment.  (Sentencing
Tr. at 3).  Newton now seeks resentencing under the amended
Sentencing Guidelines for crack cocaine offenses.

     As a general matter, a federal court "'may not modify a
term of imprisonment once it has been imposed.'"  Dillon v.
United States, 560 U.S. 817, 819 (quoting 18 U.S.C. § 3582(c)).
However, an exception applies in the case of a defendant "who

has been sentenced to a term of imprisonment based on a
sentencing range that has subsequently been lowered by the
Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In these
cases, a federal court "may reduce the term of imprisonment,
after considering the factors set forth in section 3553(a) . . .
if such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission."  Id.  However,
the defendant in this case was sentenced under the Career
Offender provision, § 4B1.1, of the Sentencing Guidelines and
not the amended crack cocaine offense guidelines found in §
2D1.1.  In United States v. Martinez, 572 F.3d 82 (2d Cir.
2009), the Second Circuit unambiguously held that "a defendant
convicted of crack cocaine offenses but sentenced as a career
offender under U.S.S.G. § 4B1.1 is not eligible to be
resentenced under the amendments to the crack cocaine
guidelines."  Id. at 85.  Because Newton was sentenced by this
Court as a Career Offender, pursuant to United States Sentencing
Guideline § 4B1.1, he is not eligible for a reduction under 18
U.S.C. § 3582(c)(2).

For these reasons, the defendant's motion is DENIED.  The

Clerk of the Court is directed to terminate Docket Entry 19.

**SO ORDERED:**

Dated:      New York, New York
            November 17, 2014

KEVIN THOMAS DUFFY, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-17-14

4